Templeton *v.* Cram.

TEMPLETON *vs.* CRAM & AL.

An action for breach of a promise of marriage, by a *feme sole,* was compromised by her attorney, after her marriage to another person, by taking the defendant's promissory note, payable to her by her maiden name; the attorney and the defendant being both ignorant of the marriage. In an action by the husband in his own name upon this note, it was held good.

THIS was an action of *assumpsit,* by the husband, upon a promissory note, made to the wife, after marriage, by her maiden name of *Joanna Balch.*

It appeared in a case stated by the parties, that she, being resident in the county of *Middlesex,* in Massachusetts, had commenced an action against *Cram* in this county, for the breach of a promise of marriage; which the attorney soon afterwards received authority to compromise. After this, in the autumn of 1825, she was married to the plaintiff; and in the spring following, one term having intervened since the marriage, that suit was compromised by the note now in controversy, and some others; but at the time of this compromise the fact of this marriage was not known to the attorney, nor to either of the defendants. The attorney thereupon gave *Cram* a receipt in full discharge both of that action, and of all her demands for the same cause. Upon these facts the question whether the action was maintainable, was submitted to the court.

*Gilman* and *McGaw,* for the defendants, being called on by the court to support the defence, argued that the compromise was void, because it was not mutual; the marriage being a revocation of the authority of the attorney, whose discharge was therefore of no effect. The transaction was with a person not *in esse;* and this material fact, which the other party was legally bound to know, was suppressed.

*Greenleaf* and *Godfrey,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

It is a very plain principle that a husband may alone maintain an

53

action upon a promise made to his wife during coverture ; and the
circumstance relied on by the defendant's counsel, viz. that the note
declared on was made payable to *Joanna Balch*, when in fact her
name was *Joanna Templeton*, being the wife of the plaintiff, cannot
be considered as a valid objection. It was a mere mistake ; the
counsel, who commenced the action, being ignorant of the marriage,
at the time the note was made by the defendants. In legal opera-
tion it was a promissory note made payable to *Joanna Templeton* by
the name of *Joanna Balch ;* and the plaintiff had a right to appro-
priate the promise to himself, and avail himself of every advantage of
it, in the same manner as though it had been made payable, in form,
to himself. The note having been given on the settlement of the
action which was commenced by the plaintiff's wife, when *sole*, for
an injury she had sustained by *Cram's* violation of his promise, the
fair compromise of the action was a legal and valuable consideration
for the note ; and though the attorney's authority to prosecute and
compromise the action was terminated by the intermarriage, and by
that also the wife's rights in respect to such compromise were trans-
ferred to the husband ; still, the plaintiff might consent to and ratify
the compromise, though made after the intermarriage ; and after the
termination of the attorney's authority ; and his commencement and
prosecution of the present action amount to such consent and ratifi-
cation. As to the discharge given by the attorney, it may be laid
out of the case. The facts agreed show that the note was given in
satisfaction of the damages sustained by *Cram's* breach of promise ;
and as such the plaintiff has accepted it. Of course such comprom-
ise and satisfaction, without any discharge given, would be a com-
plete bar to another action upon the violated promise. There is no
ground for defence.                                *Defendants defaulted.*